UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BENJAMIN HOLLY,<br><br>                Plaintiff,<br><br>v.<br><br>LARRY MORSE, et al.,<br><br>                Defendants. | Case No. 2:16-cv-02592-RFB-CWH<br><br>**SCREENING ORDER AND<br>REPORT AND RECOMMENDATION** |

Pro se plaintiff Benjamin Holly brings this civil-rights case under 42 U.S.C. § 1983 against his former landlord for allegedly being biased against him and evicting him from his trailer. Holly moves to proceed *in forma pauperis*. (IFP Application (ECF No. 7).) Holly submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Holly's request to proceed *in forma pauperis* therefore will be granted. The court now screens Holly's complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

**I.   ANALYSIS**

    **A.  Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*  Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.  Screening the complaint**

Holly alleges that he and his wife rented a trailer from the Morse family.  (Compl. (ECF No. 1-1) at 3.)  Holly states that the Morse family had him wrongfully arrested and imprisoned and evicted from the trailer.  (*Id.*)  Specifically, he alleges the Morses called the Nye County Sheriff's Department and informed it that Holly had a "f.t.a.," which the court understands to mean a "failure to appear," resulting in deputies breaking into his trailer without a warrant and arresting him.  (*Id.* at 5.)  He further alleges the Morses evicted him from the trailer.  (*Id.* at 4.)  Finally, he alleges the Morses made racial slurs against him and stated that they did not want black people on their property.  (*Id.* at 6.)  Holly does not state when these actions occurred.  Across three claims, Holly now sues Larry Morse, Rita Morse, and Rick Morse, alleging they violated his Fourth and Fifth Amendment rights.  (*Id.* at 4-6.)

Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."  Section 1983 does not create any substantive rights, but it provides a

1  method for enforcing rights contained in the Constitution or federal statutes. *Crowley v. Nev. ex.*
2  *rel. Nev. Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012). To state a claim under 42 U.S.C.
3  § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived
4  plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764
5  F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).
6  Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939
7  F.2d 702, 707-08 (9th Cir. 1991). However,

> conduct of a private individual constitutes state action when there is a such a close nexus between the State and the challenged action that the individual's conduct may be fairly treated as that of the State itself, such as when the nominally private actor is controlled by an agency of the State, when it has been delegated a public function by the State, when it is entwined with governmental policies, or when government is entwined in its management or control.

12 *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1150 (9th Cir. 2011) (quotations
13 omitted). Further, "[a] private individual may be liable under § 1983 if she conspired or entered
14 joint action with a state actor." *Crowe v. Cty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010)
15 (quotation omitted).
16  Here, the court finds Holly does not state a claim under § 1983 because he does not allege
17 that Larry Morse, Rita Morse, and Rick Morse were acting under color of state law when they
18 called the sheriff's department, evicted him, and used racial slurs against him. Rather, even
19 liberally construing the complaint it appears the defendants are private individuals, not state
20 actors. Holly does not allege any facts indicating that there was a nexus between state actors and
21 the Morses or a delegation of authority from state actors to the Morses. Nor does Holly allege
22 facts indicating that there was a conspiracy between state parties and the Morses. Given these
23 deficiencies, the court will recommend dismissal of the complaint with leave to amend.

**C. Amendment**

25  If Holly chooses to amend, he must include factual allegations demonstrating that the
26 defendants were acting under the color of state law. Additionally, Holly is advised that if he files
27 an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this
28 case. As such, if plaintiff files an amended complaint, each claim and the involvement of each

defendant must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents. Finally, Holly is advised he must allege facts regarding the approximate dates of the incident at issue to allow the court to determine whether the incident occurred within the applicable statute of limitations.

## II.   CONCLUSION

IT IS THEREFORE ORDERED that Holly's application to proceed *in forma pauperis* (ECF No. 7) is GRANTED. Holly will not be required to pay the filing fee in this action. Holly is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs.

IT IS FURTHER ORDERED that the clerk of court must file Holly's complaint (ECF No. 1-1).

IT IS RECOMMENDED that this case be dismissed with leave to amend.

## III.   NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 10, 2019

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE